AEllis Obtenebrix
c/o: 3479 Coastline Pl
San Diego, CA 92110
(808) 800.7477
obtenebrix@protonmail.com



# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AELLIS OBTENEBRIX,<br><br>       Plaintiff,<br><br>vs.<br>KELLI MARIE CONNOR DBA KELLI MARIE PHOTOGRAPHY DBA BOUDOIR BY KELLI, JILL LEUER, ALICIA MILLER, ERIC MILLER, JOHN DOE(s), JANE DOE(s),<br><br>       Defendants. | Case No.: **'23CV0814 RSH DDL**<br><br>**VERIFIED COMPLAINT**<br><br>1. **LIBEL**<br>2. **CONSPIRACY**<br>3. **FEDERAL FALSE ADVERTISING AND UNFAIR COMPETITION**<br>4. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**<br><br>**JURY TRIAL DEMANDED** |

I.      Plaintiff AEllis Obtenebrix is a well recognized photographer and artist with international publications and sales who operated a nationally recognized brand name of "Seaside Boudoir" for one of his lines of photographic art based out of southern California, with a constitutionally guaranteed right to the pursuit of happiness including the rights to be safe and secure in his person, property, and lawful commerce activities to extend and further his property interests.

II.     Defendant Kelli Marie Connor is an individual and purported photographer who has registered trade names of Kelli Marie Photography and Boudoir by Kelli, believed to be a dba of Kelli Marie Photography, in the state of New Hampshire, with a principal stated business address of 29 PARADE ROAD, Deerfield, NH, 03037, USA.

III.    Defendant Jill Leuer is an individual purported photographer and resident of Tonawanda, New York.

IV.     Defendant Alicia Miller is an individual purported photographer and resident of Copperas Cove, Texas.

V.      Defendant Eric Miller is the purported husband of an individual purported photographer and defendant Alicia Miller, and a resident of Copperas Cove, Texas.

VI.     Defendant(s) John Doe(s) & or Jane Doe(s) are one or more additional private individual(s) and or photographers present and acting outside of California at all times related to the noted events and activities herein who have engaged and participated in the unlawful activities as noted and evidenced herein whose role(s) cannot be fully credited absent further discovery.

VII.    This court holds jurisdiction based on: the diversity of citizenship of the parties in suit, the fact that the related events pertain to interstate commerce, the

fact that the past & ongoing activities cross state lines, 28 USC 1332, and 28 USC 1367 to hear otherwise state claims.

# COMPLAINT

**VIII.**     Plaintiff hereby brings action for damages in equity against named defendants for the following violations of law:

>    **B. LIBEL**: KELLI MARIE CONNOR harmed AELLIS OBTENEBRIX by making one or more of the following false and unprivileged statement(s):
>
>    **I.**    "'Aellis' aka 'Seaside Boudoir' aka 'Art by AEllis' has been STEALING from me consistently, across all of his platforms";
>
>    **II.**    "Many of the images he displays on this site, his website, and social medias are MY IMAGES that I retain legal copyright to and never gave him permission to use or share for his own financial gain";
>
>    **III.**    "I am taking legal action against him as well";
>
>    **IV.**    "...he [AEllis Obtenebrix] uses them [Kelli Marie Connor's images] to lure underage girls";
>
>    and that KELLI MARIE CONNOR published one or more of these statement(s) in writing to one or more persons other than AELLIS OBTENEBRIX; that these people reasonably understood that the statement(s) was/were about AELLIS OBTENEBRIX; that these people

reasonably understood these statement(s) to mean that AELLIS OBTENEBRIX had committed one or more criminal acts related to his professional boudoir photography practice and or violated accepted professional ethics and practices common to his peer photographers in his use of related photographic images; and that as a result AELLIS OBTENEBRIX was humiliated and shunned by a number of photographic practitioners in his professional niche and or banned from one or more related public forums for peer discussion and society, that this harm was exacerbated to an egregious degree by and thru Kelli Marie Connor's use of one or more other person(s) agency where Kelli Marie Connor encouraged and urged other persons in writing to repeat her false statement(s) and or variations oF one or more of these false statement(s) and where one or more of: Alicia Miller, Ang,  Austin Snider, Christine LaMore, David Jones, Eric Miller, Jessica Ketter, Jill Leuer, Joe Dial, Laura Keaton, Sebastian Guillory, Theodore Sheldon, & or up to 20 other individuals have complied with Kelli Marie Connor's urgings and request for agency on her behalf by themselves publishing additional false written statement(s) against AEllis Obtenebrix; all of which direct and indirect acts of libel and harassment resulted in intentional commercial and professional damages to AEllis Obtenebrix therefrom that include: loss of opportunity, loss of commerce, loss of revenue, and loss of reputation as well as resulting ongoing mental anguish, emotional distress, and perpetual injury to his reputation and business endeavors that have deprived him of revenue and prospects.

**C. CONSPIRACY**: AELLIS OBTENEBRIX claims that he was harmed
jointly & or severally by KELLI MARIE CONNOR, JILL LEUER,
ALICIA MILLER, ERIC MILLER, and or other's acts of libel and that
KELLI MARIE CONNOR, JILL LEUER are responsible for the harm
because they are or were part of a conspiracy to commit libel against
AELLIS OBTENEBRIX.

**D. FEDERAL FALSE ADVERTISING AND UNFAIR
COMPETITION**: (LANHAM ACT § 43(A)(1)(B), 15 U.S.C. §
1125(A)(1)(B)): Defendant(s) have published deliberate false and
misleading representations concerning plaintiff AEllis' personal and
professional activities in commerce on Facebook, Instagram, and Google
advertising platforms, which platforms' exclusive use is the commercial
advertising and promotion of AEllis Obtenebrix's photographic services,
namely one or more of the following statements:

    **I.**    AEllis Obtenebrix "stealing" photographs or images from
        defendant Connor and or other photographers,

    **II.**    Inducement of underage women,

    **III.**    Other false claims as to plaintiff's business practices;

and defendants' false claims, inserted into plaintiff's advertising efforts
by defendants' deliberate publications related to AEllis Obtenebrix's
professional photography advertisements have deceived and are very
likely to deceive consumers regarding plaintiff's professional services
and cause them to avoid patronage of plaintiff's professional practices,
these defamatory statements were and are now disseminated in interstate
commerce, in commercial advertising by Google, are clear and apparent

were intended for defamatory effect, and have and continue to harm plaintiff's ability to retain and expand his professional audience and clientele.

**E. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW:**

Defendants' actions at a minimum violated Cal. Bus. & Prof. Code § 17200 ("UCL") which prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited. Defendants published as nominal peer(s) and competitor(s) that plaintiff was engaged in stealing images from Kelli Marie Connor and or others, and or enticed potential consumers and their related parties to publish false statements and negative reviews against Seaside Boudoir without ever having interacted or patroned either AEllis Obtenebrix or Seaside Boudoir, and which statements included allegations that AELLIS OBTENEBRIX induced adult activities with underage women thru the course of these images & his related photographic business activities, and which same false published statements did deter and discourage other adult women from communicating with, patroning, or lawfully transacting with plaintiff, causing economic loss to plaintiff.

IX.        Defendants' actions have persisted since at least July 2021 and continue without cessation with numerous active false written publications against AEllis Obtenebrix. Despite numerous demands to cease and desist to the named defendants and their agent(s), defendant(s) escalated and diversified their known false public attacks upon plaintiff, his brand, and his reputation, all while continuing to operate

COMPLAINT - 6

with advertised unlawful corporate policies and practices of their own that include
Connor's deliberate unlawful gender discrimination, and with continual violations and
abuse of the required and mandatory terms of service of the publishing platforms for
these acts of libel. Further, Kelli Marie Connor, contrary to her false statement, has
never initiated any legal action(s) whatsoever towards AEllis Obtenebrix or Seaside
Boudoir, including but not limited to any cease and desist or public takedown request.

X.       Defendants' acts of libel include but are not limited to deliberate false
statements with malicious intent published on Google & Facebook platforms in both
public and in semi-public peer photography groups dedicated to boudoir photography
and related professional concerns, also including at least one peer group dedicated
more generally to efficiency and creativity in studio spaces, all of which peer groups
expelled and banned AEllis Obtenebrix upon the urging and demands of Kelli Marie
Connor. These acts of libel are in no way protected forms of speech. They are instead
known false statements delivered and published with malicious, hateful, dedicated,
and determined unlawful intent  and epitomize the rash of unlawful and unreasoning
"cancel culture" mob attacks that have swept the nation in response to and spurred by
recent leftist attacks on society and our national dialogues. Defendants herein
conspired and intended to deprive plaintiff of any opportunity to conduct business or
generate revenue within the boudoir niche of portrait photography and by their own
declaration(s) to force him out of business, contrary to law.

XI.      One or more agents of defendants, including one or more of: David
Jones, Austin Snider, Laura Keaton, Ang, Theodore Sheldon. Christine LaMore, have
reported to plaintiff in private communication that they received promises of rewards
and incentives from at least Kelli Marie Connor in exchange for "posting a negative
review" against Seaside Boudoir, AEllis Obtenebrix's boudoir photography brand, in

COMPLAINT - 7

the form of cash or discounts on professional photography education, services, or products with Kelli Marie Connor.

**XII.**     None of defendants' published false statements involve any registered or recognized copyrighted work by any related defendant or known party. Rather, each of the final edited images displayed on plaintiff AEllis Obtenebrix's websites are of his own work product. It is important to note also that defendants' libel began within and related to the boudoir photography niche but have since been expanded to include all of his published photography including undisputed original fine art work product of AEllis Obtenebrix alone.

## FACTUAL & HISTORICAL BASIS OF THIS ACTION

**XIII.**     Any business must find an effective path to consumers for it to be successful. In recent years Google has accounted for nearly 90 percent of all general-search-engine queries in the United States, and almost 95 percent of queries on mobile devices. It is therefore by far the most successful platform for any business marketing effort or strategy available today and also an unavoidable platform, whether as a monopoly or otherwise, it has the single largest voice that provides any merchant an opportunity to appeal and present to consumers in any marketplace in the nation. Google has foreclosed competition for internet searches to such a degree in this country that general search engine competitors have no real chance to challenge Google and thereby force both merchants and consumers to deal with Google on Google's terms. Google is so dominant that "Google" is not only a noun to identify the company and the Google search engine but also a verb that means to search the

internet. Whatever Google chooses to promote, promulgate, or advertise is unavoidable and cannot be concealed from the market, whether true or false. Facebook's platform while secondary to Google's has similar market influence on public consumers. Neither platform in effect provides any effective way to dispute their decisions on the information they or a registered user on their platform publishes against a person or business. Further, Google & Facebook choose at whim to enforce or not enforce their stated and published policies in inequitable and unjust manners, negating numerous efforts by plaintiff to have such false statements removed and thereby mitigate their harm to plaintiff's commerce.

**XIV.**      Defendant Kelli Marie Connor operates a line of business in New Hampshire parallel to plaintiff's Seaside Boudoir brand of photography in southern California, and further claims to educate others who aspire to operate such a business for themselves anywhere in the nation. Connor reports her studios produce "seven figure annual revenue" to attract more students who spend significant sums for her advice and teaching, with these documents priced from $699 for an approximately ninety page document into the thousands of dollars[1].

**XV.**      AEllis returned to the United States and began the Seaside Boudoir photography brand after consulting and researching a number of related peers, groups, and educators in a variety of photographic arts with which he was familiar and experienced. In attempting to understand the unique business aspects of this niche in the United States and identify a market for himself, plaintiff encountered Connor, who provided a number of materials, documents, and information for edit and general use in promoting this business niche. These materials are themselves in the public domain

---

[1] https://kelliconnor.podia.com/posing-guides-apps accessed December 16, 2021. Photo shoots with Connor or her staff also cost clients several thousand dollars to assuage Connor's unquenchable ego.

as provided by Connor for prospective students' alteration and use, meant to tease and entice prospects into spending the outrageous sums she requests for tutelage from her established brand. Plaintiff ultimately rejected her overtures in favor of peers more compatible and of comparable quality whom plaintiff deemed less predatory, less narcissistic, more professional, and relatable. While it is possible that plaintiff may have incorporated isolated elements acquired from Connor at some point, any such items would already be in the public domain due to Connor's unrestricted public release of these same images without any reserved licensing restrictions, or any other stated or implied limitations on their use and the widespread dissemination of these materials by Connor herself. At no time has Connor registered any image in question for copyright or restricted their use and plaintiff is unaware of any specific image or original template in use now or then that isattributable to Connor or her work product. Connor makes it clear throughout her indoctrination efforts that all materials, methods, and practices she supplies to students and prospective students are for use and or adaptation as desired by the student or prospect. These permissions are clear, express, and explicit.

**XVI.**　　　Photographers maintain a number of peer forums and networks whereby they encourage and promote their arts, knowledge, and share creative, artistic, technical, and business tips as well as strategies and common use materials with their peers and hopeful or aspiring peers. These forums include several online peer Facebook groups. In June or July 2021, plaintiff shared in one such Facebook forum a tip to another photographer who took unintended offense, and in addition to being postpartum, why she stated she sought advice in the first place, was in some fashion also related to defendant Connor. Immediately thereafter, defendant Connor began a personal "cancel culture" campaign against plaintiff across a number of platforms.

Plaintiff no longer has access to this original exchange or the resulting actions against him within the Facebook groups as Kelli Marie Connor requested group moderators and or administrators ban and expel plaintiff from all such groups where she had a presence and also asked her supporters and fans to follow suit anywhere they saw plaintiff.

**XVII.**    Defendants know from personal experience that this particular niche of photography is extremely sensitive to a practitioner's personal reputation. Defendants's acts of libel have included publication of known false statements alleging theft of Kelli Marie Connor's photographs by plaintiff, and statements that plaintiff induces inappropriate contact or exchanges with underage females. In making these false statements, defendants' had full knowing intent to damage and destroy plaintiff's reputation, credibility, and any potential trust with his local clientele and future prospects, even though these same clientele were likely never potential clients of defendants' for any similar product or service as the overwhelming majority of consumers find and utilize a local practitioner that they identify through a local search for a practitioner, most often through Google, Facebook, or word of mouth from other local consumers.

**XVIII.**    Defendants have undertaken a persistent campaign of malicious harassment, slander, and defamation against plaintiff designed and intended to, in defendant Connor's own words "drive [plaintiff] out of business forever."

**XIX.**    Defendant Connor personally harassed plaintiff with derogatory remarks and comments on several platforms: Facebook, Instagram, Yelp, Google, and others. In her comments and remarks, defendant Connor raised a variety of allusory and false claims against plaintiff without offering an iota of proof for any claim made. This harassment by Connor spread from Connor's own personal harassment to a wave of

"cancel culture" efforts as supposed photographic peers responded out of emotion devoid of reasoned analysis to Connor's false statements and added their own false statements and accusations, some in response to Connor's publishing a "bounty" reward for anyone who published a negative review against AEllis Obtenebrix or his Seaside Boudoir business brand on Facebook, Google, or Yelp. Thereafter a mob mentality began to take hold in the related photographic niche community that included everal individuals[2], but not the larger photographic communities as a whole. Defendant Connor encouraged these behaviors with regular repetition of her known false published statements.

**XX.**   When confronted by plaintiff, some parties who repeated Connor's false statements and claims without any personal knowledge of or contact with plaintiff apart from Connor's incitement reported to plaintiff that Connor had offered them or their spouse $50 incentives or discounts on photographic products or education products in return for filing a negative review or repeating her false narrative against plaintiff in a public review, such as on Google, Facebook, or Yelp. Countless individuals accepted this reported incentive and plaintiff's Facebook business page[3], Google Business listing[4], Instagram account[5], and other advertising platforms were flooded with false and hateful declarations which included widespread threats of violence, harm, and even threats against plaintiff's life. The false statements were replete with repetitions of Connor's original false claims related to intellectual property theft and pedophilia. Behavior by Connor and those she influenced that rose to felony criminal levels, all at the instigation and incitement of defendant Connor.

---

[2] Commented on with confirmation of intent in writing by private taunts from Connor's associate Jessica Ketter on December 19, 2021.
[3] https://www.facebook.com/boudoir007
[4] https://goo.gl/maps/nCiVMPcbARdncQ186
[5] https://www.instagram.com/seasideboudoir

**XXI.**      As a result of these behaviors, plaintiff's original business platform on Instagram was terminated by Instagram and after several months offered to another photographer in the same niche who voluntarily surrendered and returned it to AEllis Obtenebrix once becoming aware of the events related to this suit, whereupon AEllis Obtenebrix regained access to and control of that brand asset in or about April 2022. Several other participants in this "cancel culture" campaign that Connor incited against plaintiff lost temporary access to their accounts for a month or more while Instagram researched the flood of hate messages and threats against plaintiff, who had blocked more than fifty unique individuals prior to Instagram's own censure of these illegal activities and termination of plaintiff's account to quell the unrest. Connor however continued her unlawful harassment and slander of plaintiff with known false statements on other platforms, knowing all along that her statements were false, deliberate lies told by her to inflame public opinion against plaintiff in part based on his masculine gender and his opposition to her egotistical behavior, peer influence[6], and predatory practices upon both her clients and peers.

**XXII.**      In response to these attacks, Plaintiff restricted unsolicited public comments on his Facebook page to minimize the effects of this harassment, began new Instagram accounts, and attempted to continue his business and ignore Connor and her efforts, after issuing written warnings to her against pursuing him in any venue or persisting in her personal or professional attacks, in light of the threats against his life made on her behalf, and in at least two instances, declared as being made on Connor's behalf and at her urging. Many of these written statements have

---

[6] Plaintiff has made comments to peers in private discussion based on his interactions with and observations of Connor that he felt Connor was a sexual predator and maintains that personal opinion to this day. It is plaintiff's personal belief that another party relayed one or more of these opinions back to Connor, and this may be the origin of her deliberate false allegations of pedophilia.

since been lost, destroyed by Instagram when it locked plaintiff out of his
@seasideboudoir account and eventually terminated that account and transferred that
handle to another photographer for use months later.

**XXIII.**          Many other original comments by Connor as well as the threats
from her agents remain inaccessible to plaintiff as they were published within
Facebook groups that plaintiff no longer has membership or access to view due to her
requests he be expelled and banned from those same groups and thereby denied a
voice or professional participation.

**XXIV.**          Connor's harassment and knowing false statements were
published and promoted across numerous platforms, including Google, Facebook,
Instagram, and Yelp, all contrary to the published terms of service and policies
required for her lawful use of each and every one of those platforms, illustrating her
egregious and malicious intent and action against plaintiff, as does her reported
"bounty" against plaintiff.

**XXV.** There is no known evidence that plaintiff has ever published any other
photographer's protected work without permission or in violation of any registered
copyright or intellectual property law. Requests by plaintiff to parties claiming
otherwise to produce proof have not produced a single example to the contrary.

**XXVI.**          Connor's harassment of plaintiff continued unabated, even after
plaintiff added restrictions on who could comment or contact him on Instagram,
Facebook, or Google platforms, despite knowing that these same measures must by
necessity throttle his business prospects as he had no way to exclusively restrict or
censure unknown antagonists incited by Connor to contact and harass him without
also restricting possible business clients from likewise contacting him for legitimate
economic exchanges. As a result, plaintiff suffered substantial loss of economic and

COMPLAINT - 14

business opportunities, as well as actual lost revenue, exacerbated by the necessity of plaintiff taking time away from productive efforts to stymie and combat the constant harassment by Connor and those associated with or recruited by her. Plaintiff's business has never recovered from these attacks and sufficient client traffic has never returned to his website or platforms since these attacks began and Seaside Boudoir was forced to cease operations as a brand identity early in 2023.

**XXVII.**          Plaintiff issued a Cease and Desist notice to defendant Connor and Google November 18, 2021, noting plaintiff's intent to seek damages if defendant Connor failed to end all of her harassment and defamatory efforts against plaintiff and remove all of her own false posted claims against him at once as well as the removal of those posted by others as agents on her behalf or at her request. Connor instead responded two days after the notice was electronically delivered to her with increased threats and harassment from a number of individuals familiar to Connor, several of which remain posted and visible to the public on Google and Yelp platforms, posted from November 20th thru 23rd inclusive on those platforms[7], all of which reference a false claim of "stealing" from Kelli Marie Connor and or others and attempting to warn prospective clients away from plaintiff's business. As with the direct complaints, threats, and harassment by Connor herself to the sustained detriment of plaintiff and his business.

**XXVIII.**          Defendant Jill Leuer, an aspiring photographer who has idolized Connor due to Connor's purported successes, provides further evidence of these

---

[7] Including but not limited to e.g. https://goo.gl/maps/BbqtpFcxfqPD9jf76; https://goo.gl/maps/FqN5JZCHysBFD4zT8; https://goo.gl/maps/2SUNZd9U9Lbhj1CQ6; https://goo.gl/maps/3CxXSkmT3sp8ekZ96; https://goo.gl/maps/hxRkUxDzqqjCYnCE6; a 1-star review (no sharable link provided) by "Sebastian Guillory," as well as by related party "Laura Keeton" on December 18, 2021, as well as any and all review(s) attributable to Kelli Marie Connor herself and fake appointments to harass. These false statements reached the public and were acted upon as far away as Australia.

COMPLAINT - 15

activities and conspiracy by Connor, Connor's acolytes, and Connor's associates. In late November 2021, approximately the same time that Connor's close friends and family renewed their escalated harassment of plaintiff, defendant Leuer herself furthered these efforts by publishing written posts in a number Facebook groups with photographers in them that might operate within the same niche as plaintiff and herself. Leuer posted statements she knew or had good reason to know were false within these Facebook groups, without realizing these posts would reach plaintiff. Plaintiff thereafter researched to determine if he had ever had any contact with this naysayer and learned the only common denominator was defendant Connor, who had been for months included knowing false declarations alleging "stealing photos" and pedophilia in her harassment of plaintiff, claims repeated by Leuer, as they have been by many other parties taking Connor's claims at face value without any inquiry, research, or critical thought whatsoever. When confronted by plaintiff with a demand to cease and desist or face legal action, defendant Leuer denied all knowledge of plaintiff, who he was, or any prior contact with him whatsoever, the only truth she ever told any party in related matters. Note that Connor also said the same when confronted in a public forum. Defendant Leuer then mirrored and repeated her codefendant Connor's own behavior, with her own friends and family publicly denouncing plaintiff in public forums and insisting the parties had no prior contact, interaction, or exchange, and denying the fact of Leuer's prior misconduct indicated from Facebook's records and images Leuer had uploaded to her personal page that remove any doubt as to her identity as the responsible party publishing false posts constituting libel within Facebook group forums with the apparent and obvious intent to harm plaintiff's business endeavors and reputation. Leuer persisted in her misconduct despite being given multiple written opportunities to avoid this litigation.

COMPLAINT - 16

**XXIX.**         About this same time, in November 2021, Connor revealed that she was behind all of these ongoing efforts against plaintiff, not only through her own posts, the content of which was in essence repeated in part in each of her associates's hostile and adverse publications, many of whom plaintiff had never encountered or interacted wtih, but by also revealing she was the influence who placed extreme pressure on a number of niche photography peer groups to expel, sever all ties with, and otherwise ostracize plaintiff, depriving him of those creative resources, networking, educational, and referral opportunities. Her intimidation of others to these ends resulted in even a nominal mentor of plaintiff's, one Michael Sasser of Sasser Stills Boudoir, to sever ties and distance himself from plaintiff in order to alleviate harassment by Connor and her associates of Sasser over his continued association with plaintiff. The result of Connor's bullying and intimidation of supposed peers in her industry has been aimed all along at ostracizing plaintiff from the community of similar entrepreneurs, badmouthing him to such a degree that no clients would likely trust him for their professional services, and deprive plaintiff of income and opportunity until he abandoned his enterprises. As Connor's efforts to these ends are clearly unlawful and exceed any reason or legal right in addition to violating all applicable laws, both civil and criminal, Connor and her complicit codefendants must be held accountable for all such losses of opportunity and revenue until such time plaintiff has recovered in full from the damages they have caused to plaintiff by and thru their conscious and deliberate adverse and unlawful efforts.

**XXX.** False and libelous claims against plaintiff and his business continue to be posted & published by defendants, with content and circumstances that reveal them to be part of Connor & defendants's unlawful terror campaign against plaintiff and his lawful business endeavors, initiated under the influence of Connor as deliberate acts

of fraud and libel which continues to be published today despite repeated provision to Google and others by plaintiff of sound information that these publications violate extant law, are false, and also violate multiple terms of Google's policies and terms of service.

**XXXI.**     Despite the content and clear intent of these same posted false statements published by Connor, Leuer, and others familiar to and working in concert with them, each and every time plaintiff AEllis contacted any party about their misconduct in a public fashion or issued a cease and desist demand these same defendants did not cease and claimed "not to know who he was." This evidences the fact that they knew that their own false statements which initiated his communication with them were false and malicious in nature, and indefensible under any reasoned scrutiny. Each defendant instead of defending or justifying their conduct denied that they had ever interacted with plaintiff AEllis or Seaside Boudoir at all, contrary to the evidence at hand that they had each published false unprivileged statements against AEllis & or Seaside Boudoir and had never ever engaged in any business or had any prior contact whatsoever with either plaintiff or any of his photographic brands as they published.

**XXXII.**     Published false statements of defendants remain active and visible on the internet for all to see, with ongoing continued defamation, ostracisation, and marginalization by peers of the plaintiff. These represent ongoing & continued damages impacting plaintiff & plaintiff's professional efforts & endeavors as reported to plaintiff by potential models and clients as well as a marketing firm that approached plaintiff seeking to represent his business efforts and produced numerous such published false statements plaintiff did not know remained displayed or public. On information and belief, defendant(s) continue this same pattern of behavior against other professional peers of plaintiff today.

## REQUEST FOR RELIEF

Plaintiff now seeks:

A) Declaration that defendants's terror tactics are and were in fact unlawful;

B) Injunction ordering the permanent and total removal by defendants and all related parties from all platforms of all such related statements constituting acts of libel or slander against plaintiff;

C) Injunction enjoining defendants from engaging in any and all further harassing acts against plaintiff either direct or thru any agency, with clear explicit penalties for any such future violations;

D) Compensatory monetary damages to fully compensate AEllis for the permanent harm, emotional distress, mental anguish, loss of business, loss of opportunity, and loss of reputation suffered as a result of the defendants' public and false attacks in a minimum amount of fifteen million dollars ($15,0000,000);

E) Punitive monetary damages in the amount of seventy-five million dollars ($75,000,000) for the unlawful egregious misconduct of defendants to punish them for the permanent and indelible nature of these false statements and the deliberate injury that they caused and to deter defendants and those who follow them from engaging in such unconscionable and lawless behavior towards plaintiff or anyone else;

F) Costs and expenses related to this action against defendants;

G) Enter any additional relief the Court finds just and proper.

COMPLAINT - 19

RESPECTFULLY SUBMITTED THIS **30**ᵗʰ DAY OF _April_____, 2023.

/s./ AELLIS OBTENEBRIX

_pro se_

obtenebrix@protonmail.com *
(808) 800.7477
Transient, no address
%:
3479 Coastline PL
San Diego, CA 92110
(all service to be electronic, rural mail delivery is unreliable)

COMPLAINT - 20

## VERIFICATION

### STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I, AEllis Obtenebrix, hereby declare:

I am the plaintiff in this action. I have read the foregoing complaint and know

its contents. The matters stated in the foregoing complaint are true of my own

knowledge and belief and I believe them to be true in their entirety as presented and

documented. I hereby declare penalty of perjury under the laws of the State of

California that the foregoing is true and correct.

Executed on this _30th_ day of April, 2023 in San Diego County, California.

AELLIS OBTENEBRIX
plaintiff, pro se
obtenebrix@protonmail.com

\* ALL Notice(s) to be provided to email address above and in no other fashion until further notice is given

COMPLAINT - 21