UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AELLIS OBTENEBRIX,<br><br>  Plaintiff,<br><br>v.<br><br>KELLI MARIE CONNOR, et al.,<br><br>  Defendants. | Case No.: 23-cv-814-RSH-MMP<br><br>**ORDER DIRECTING SUPPLEMENTAL FILINGS BY PLAINTIFF**<br><br>[ECF No. 14] |

On November 2, 2023, this Court entered an order dismissing the Complaint, granting Plaintiff conditional leave to amend, and directing supplemental filings, including a renewed application to proceed *in forma pauperis* ("IFP") and a declaration of Plaintiff's identity. ECF No. 19. On November 28, 2023, Plaintiff filed a First Amended Complaint, a new IFP motion, and a declaration. ECF Nos. 20, 21, 22. The Court addresses the IFP motion and the declaration below.

**I.   PLAINTIFF'S DECLARATION**

The Court's prior order directed that:

> Plaintiff file a declaration, executed in his real name under penalty of perjury: (a) stating his legal name, and any prior legal names;

1

(b) identifying all names used in Plaintiff's interactions with government authorities from May 3, 2022 (one year before the filing of this lawsuit) to the present, such as any names in which Plaintiff has received government benefits, communicated with tax authorities, renewed a business license, or filed court documents; and (c) attaching a clear, legible photocopy of a valid government-issued identification. Plaintiff may redact from the photocopy any personal information other than his full name and his likeness (such as an address, Social Security number, or identification number); but may not redact information relating to the issuing authority, such as the date of issuance. Plaintiff's declaration must state that the attached identification is a true and correct copy (with redactions, if appropriate) of a document issued by a government authority to him.

ECF No. 19 at 7-8.

Plaintiff's declaration does not purport to "stat[e] his legal name, and any prior legal names." The declaration identifies Plaintiff as "AEllis D'Artisan," but the Court ordered Plaintiff to explicitly identify under oath his legal name and any prior legal names.

Plaintiff's declaration does not purport to "identify[] all names used in Plaintiff's interactions with government authorities from May 3, 2022 (one year before the filing of this lawsuit) to the present." He states that "[t]he only name or identity that I am aware of or recall having been used *by me* with government authorities since May 3, 2022 is as filed or as shown on my ID: AEllis Obtenebrix or AEllis D'Artisan." ECF No. 22 at 1 (emphasis added). However, he also states that during the relevant time period, "government actors" and others have deliberately misidentified and misrepresented his name. *Id*. at 2. Plaintiff must identify all names used in his interactions with government authorities, whether the names for him were used by Plaintiff or by government authorities, and whether Plaintiff deems the use of those names to be a misidentification of him.

Additionally, Plaintiff's declaration denies that he receives government benefits or assistance, but his original IFP application, filed on May 3, 2023, states that he receives County general relief benefits and CalFresh benefits. ECF No. 2 at 1. Further, his renewed IFP application states that he receives a very small monthly income from public assistance.

ECF No. 21 at 2. Whatever name used by Plaintiff in connection with receipt of those or other benefits during the relevant time period must be identified.

Plaintiff's declaration attaches a copy of a redacted identification card, but his declaration does not "state that the attached identification is a true and correct copy . . . of a document issued by a government authority to him."

The Court provides Plaintiff with an additional twenty-one (21) days from the date of this order to comply with the directions in the Court's previous order and to address the deficiencies identified above. Plaintiff may also include any other explanatory material he deems warranted.

## II.   PLAINTIFF'S RENEWED IFP APPLICATION

As directed by the Court, Plaintiff has submitted a renewed IFP application, in the name of AEllis D'Artisan. The renewed motion, filed on November 28, 2023, states that his average monthly income from self-employment over the past twelve months is $500 per month. ECF No. 21. It states that he has been self-employed since October 2020 with a gross monthly pay of $500. It also states that his only other income is $5 per month from public assistance. Plaintiff expects no income from any source, including self-employment or public benefits, next month. Plaintiff states that he has no bank account; has $28 in cash but no other assets; and has no expenses other than food, laundry, and transportation.

In contrast, Plaintiff's original IFP motion, filed on May 3, 2023, states that he received no self-employment income in the past twelve months, but that he received less than $600 per month from County general relief and CalFresh benefits. ECF No. 2. It states that he has no money in bank accounts, and no regular monthly expenses.

The Court directs Plaintiff to explain the apparent discrepancy between his 12-month statements of income made in May 2023 and November 2023.

An online search for the name "AEllis D'Artisan" using Google brings up, as the first result, what appears to be Plaintiff's professional web site at enchantedrealmimages.com. The website offers photography for sale and appears to allow the user to purchase photographs online. Accordingly, the Court also directs Plaintiff to

explain how he conducts a photography business with zero assets or expenses, or how he conducts his business online with no bank account. An IFP application that Plaintiff filed on February 2, 2023, in an unrelated case, No. 23-cv-205-RBM-DEB, indicates that he received royalties, and has accounts with PayPal, Stripe, and Amazon at which he can receive income, also suggesting that Plaintiff has an account with a bank or financial institution.

The Court provides Plaintiff with twenty-one (21) days from the date of this order to provide the explanations required above in a sworn declaration. Plaintiff may also include any other explanatory material he deems warranted.

### III.  CONCLUSION

If Plaintiff fails to fully and timely comply with the directions above, or if the Court determines that the IFP application was inaccurate and filed in bad faith, the Court may dismiss the action without further notice. Because the Court has not yet ruled on the renewed IFP application, the Court has also not screened Plaintiff's First Amended Complaint. Defendants' time to respond to that pleading will not begin to run until after it has been screened.

**IT IS SO ORDERED**.

Dated:  November 29, 2023

_____
Hon. Robert S. Huie
United States District Judge